In the Matter of the Claim of RICHARD MEADE, Respondent, against ATLANTIC REFINING Co. et al., Respondents, and HAYES FARM EQUIPMENT Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a mechanic. On April 26, 1950, while employed by respondent Atlantic Refining Co. he suffered a sprained back lifting a pail of stones. In 1952 while working for separate employers he had two further occurrences involving his back which have been held by the Workmen's Compensation Board to be accidents. One occurred January 10th when claimant lifted a five-gallon can of gasoline while working for appellant Hayes Farm Equipment Co.; the other occurred April 1st when claimant experienced a catch in his back while washing a car in the employment of Leland Gross. Claimant testified he experienced a number of episodes which he described as "catches" in his back since the accident of April 26, 1950; and he described the two incidents in 1952 as typical of many such "catches" he had in his back. There is no question here as to claimant's disability or his right to compensation; or that the strain suffered in 1950 while in the employ of Atlantic was an industrial accident. The board, however, charged claimant's disability equally to all three events and to all three employers and carriers. We think the description of the events and the medical opinion relating to them are not substantial evidence in support of their contribution to the final resulting disability when the whole record is examined. Award reversed and claim remitted for further development of the record or reconsideration as the board may be advised, with costs to appellants against respondents Atlantic Refining Co. and Liberty Mutual Insurance Co. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.